# Order

Michigan Supreme Court
Lansing, Michigan

September 26, 2012

144728

FREMONT INSURANCE COMPANY,
        Plaintiff-Appellee,

v

MICHAEL IZENBAARD and HALEY
IZENBAARD,
        Defendants-Appellees,
and

NATHAN KADAU,
        Necessary Party
        Defendant-Appellant.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 144728
COA: 300825
Kent CC: 10-003010-CK

        On order of the Court, the application for leave to appeal the November 29, 2011 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument. Because the term "premises" is undefined in the insurance contract at issue in this case, reference to dictionary definitions is appropriate. Such definitions do not necessarily require a building to exist on a particular piece of land in order to fall under the common understanding of "premises," which is a term that generally must be interpreted in light of its surrounding context. See, e.g., *Random House Webster's College Dictionary* ("a tract of land *including* its buildings"); Black's Law Dictionary (6th ed) ("Land with its appurtenances and structures thereon. Premises is an elastic and inclusive term, and it does not have one definite and fixed meaning; its meaning is to be determined by its context and is dependent on the circumstances in which used, and may mean a room, shop, building, or any definite area."). The Court of Appeals erred in concluding that the term "premises" as used in the insurance provision at issue in this case must be defined as property that has a building on it; nothing in the language or context of the insurance contract requires as much. We REMAND this case to the Court of Appeals to address

the additional issue raised, but not decided, below: whether the location of the accident was used "in connection with" the insured residence.

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 26, 2012

Clerk

t0919